M. D. HAWVER and Another v. RACHEL P. INGALLS and Another.[1]

December 2, 1904.

Nos. 14,072—(91).

**Goods Sold and Delivered.**

In an action to recover for goods sold and delivered, in which the defense of payment was pleaded by defendant, the evidence is *held* sufficient to sustain the verdict of the jury.

**Assignments of Error.**

Certain assignments of error *held* not well taken.

Action in the district court for Otter Tail county to recover $148 and interest for goods sold and delivered. The case was tried before Baxter, J., and a jury, which rendered a verdict in favor of defendants. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, and from a judgment entered pursuant to the verdict, plaintiffs appealed. Affirmed.

*Chas. S. Marden,* for appellants.

*Edward P. Sanborn,* for respondents.

BROWN, J.

Action to recover for goods sold and delivered, in which defendants had judgment, and plaintiffs appealed.

The action was one to recover a balance alleged to be due from defendants for certain lumber sold and delivered to them by plaintiffs.

[1] Reported in 101 N. W. 604.

The defense was payment. The jury found in favor of defendants, to the effect that plaintiffs' claim had been paid in full. The only question presented on this appeal is whether the evidence is clearly and palpably against the verdict of the jury. Our examination of the evidence leads to the conclusion that the verdict must be sustained. The action has been twice tried upon the same issues, resulting on each trial in a verdict for defendants. Additional force is given to the last verdict by its approval by the trial court in denying a new trial.

There is no doubt about the correctness of the proposition of law relied upon by plaintiffs to the effect that, where a payment is made by a debtor to his creditor, who has more than one demand against him, and no directions are given upon which demand to apply the same, the creditor may apply it upon either. But the evidence in the record, while not so clear as might be desired, was sufficient to take the case to the jury on the question whether the several payments claimed to have been made by defendants were in fact made, and whether, at the time they were made, defendants directed that they be applied upon the account in question. While defendants were indebted to plaintiffs on other obligations at the time the various payments are claimed to have been made, none save the account in question were then due. And if defendants had not directed the application of the payments as claimed by them, it is not clear but that plaintiffs would have been required, as a matter of law, to apply them upon the debt which was due at the time they were made. The further contention that the parties had an accounting and settlement subsequent to the time these payments were made, and that defendants acquiesced in an application of some of them upon other debts, was a fair question for the jury to determine; and the evidence is not so conclusive in plaintiffs' favor on that contention as to warrant us in reversing the case.

We have examined all the other assignments of error, and find no reason for reversing the judgment, and it is affirmed.

Judgment affirmed.